UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
STEPHANIE ZITO,                                 :
                                                :
                    Plaintiff  :     11 Civ. 2779 (TPG)
                                                :
    – against –                               :
                                                :     **OPINION**
NEW YORK CITY OFFICE OF PAYROLL                 :
ADMINISTRATION, NEW YORK CITY                   :
DEPARTMENT OF EDUCATION, UNITED                 :
FEDERATION OF TEACHERS,                         :
COMPTROLLER OF NEW YORK CITY,
WILLIAM C. THOMPSON,

                    Defendants.
------------------------------------------------x

In this case, pro se plaintiff Stephanie Zito, a former teacher for the City of New York and other New York State school districts, sues defendants New York City Office of Payroll Administration, New York City Department of Education, former New York City Comptroller William C. Thompson, Jr. (collectively the "City defendants), and United Federation of Teachers ("UFT"). The lawsuit arises from plaintiff's failure to obtain a refund of certain Social Security payroll taxes ("FICA").

Plaintiff sued in the Northern District of New York. In April 2011, Judge McAvoy transferred the case to this court pursuant to 28 U.S.C. § 1406(a).

The City defendants and UFT move to dismiss the case under Fed R. Civ. P. 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim. In addition, plaintiff moves to compel discovery under Fed. R.

Civ. P. 37, and the City defendants have cross-moved under Fed. R. Civ. P. 26(c) to stay discovery.

Defendants' motion to dismiss is granted. The parties' discovery motions are denied as moot.

## Background

Plaintiff's right to a FICA refund arose from the New York Court of Appeals decision in Doctors Council v New York City Employees' Retirement System, 529 N.Y.S.2d 732 (N.Y. 1988), which held that part-time city employees were entitled to membership in the City retirement system by virtue of the plain language of the law establishing it.  After the decision, the Social Security Administration and the Internal Revenue Service determined that part-time city employees who became eligible for pensions under the decision should not have paid FICA taxes for the period between Jan. 1, 1986 and July 1, 1991.  As a result, plaintiff stood to receive a refund of those taxes in the amount of $8395.07.

To receive her refund, plaintiff needed to sign a Claim Authorization allowing the City to pursue the matter on her behalf. Plaintiff, however, did not receive the Authorization, because she moved to Davenport, New York in 1992, and the Authorization was allegedly mailed to her former address in Staten Island in 1994, 1997, and 1998. Plaintiff learned of the Doctors Council refund program in October 2007, when she requested a summary of her Social Security earnings and noticed that the summary did not include her earnings from her part-time teaching in 1987-1991.

Plaintiff has since struggled to no avail to recover her refund. The City Office of Payroll Administration rebuffed plaintiff's demand for the money, citing their repeated mailings to her Staten Island address and the end of the <u>Doctors Council</u> refund program with the IRS. On March 23, 2009, plaintiff submitted a claim to the IRS for a refund, but on July 14, 2009 her claim was denied as untimely. In addition, plaintiff alleges that the Social Security Administration has deducted the wages from the years in question from plaintiff's Social Security covered earnings, reducing her benefits.

Thus plaintiff paid federal FICA taxes she was not obligated to pay and has not been able to obtain a refund from the IRS or the Social Security Administration. However, in this action plaintiff has sued neither the IRS nor the Social Security Administration. Rather, she brings claims against City defendants and UFT, claiming that it was their fault that her refund was not obtained.

As already indicated, plaintiff claims that City defendants failed to send the claim authorization to the appropriate address. She claims UFT failed to apprise City defendants of plaintiff's appropriate address in the course of its efforts to assist members in claiming their FICA refunds. She claims that defendants knew or should have known her correct address, as evidenced by correspondence between plaintiff and the Board of Education on other matters in the intervening years.

Although plaintiff's action is not against any federal defendant, she claims that City defendants and UFT are liable under various federal statutes.

More specifically, plaintiff claims that defendants, by failing to undertake more diligent efforts to locate her and thwarting her recent efforts to claim her refund, have converted United States property in violation of 18 U.S.C. § 641, and denied her access to public agency records in violation of 5 U.S.C. § 552. She also alleges defendants violated 26 U.S.C. § 6511, which is part of the federal statutory scheme dealing with private rights of action against the United States for tax refunds.

Furthermore, in her response to defendants' motions to dismiss, plaintiff alleges fraud concerning a matter within the jurisdiction of the federal government in violation of 18 U.S.C. § 1001, knowing false statements in a document required by ERISA in violation of 18 U.S.C. § 1027, and securities fraud in violation of 18 U.S.C. § 1348.

Plaintiff also asserts a claim under New York State law. She alleges these state entities converted New York State property in violation of N.Y. C.L.S. Exec. § 63-c.

She seeks damages of $8,000,000 and a mandamus order under 28 U.S.C § 1361.

## Discussion

As stated earlier, defendants move to dismiss both for lack of subject matter jurisdiction and for failure to state a claim. As to jurisdiction, there is no diversity of citizenship, and plaintiff asserts federal-question jurisdiction under 28 U.S.C. § 1331, as is evident by her citation of several federal statutes.

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of

subject matter jurisdiction on the ground that plaintiff's federal claims are "so insubstantial, implausible, foreclosed by prior decisions of the Supreme Court, or otherwise completely devoid of merit as to not involve a federal controversy within the jurisdiction of the District Court...." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 701 (2d Cir. 2000) (internal quotation omitted). They also contend that there is no jurisdiction over the state law claim. A companion argument is that plaintiff's causes of action fail to state proper claims and thus must be dismissed under Fed. R. Civ. P. 12(b)(6). The court will now address plaintiff's causes of action, beginning with those sounding in federal law.

    A)  18 U.S.C. § 641

Plaintiff's first cause of action alleges that defendants violated 18 U.S.C § 641, which criminalizes the theft, embezzlement, or illicit conversion of United States property. Yet throughout her complaint, plaintiff alleges that defendants, due to their negligence in locating plaintiff, never sought the return of her money, not that they actually possessed or converted the funds in question.

In any event, a private citizen cannot enforce this federal criminal law. A private right of action will not be implied without "explicit evidence of Congressional intent" to create both a private right and a private remedy. Cenzon-DeCarlo v. Mount Sinai Hosp., 626 F.3d 695, 697 (2d Cir. 2010). There is no such evidence in 18 U.S.C. § 641.  See John's Insulation, Inc. v. Siska Constr. Co., 774 F. Supp. 156, 163 (S.D.N.Y. 1991).

B)  5 U.S.C. § 552

Plaintiff's third cause of action alleges violations of the Freedom of Information Act. However, the FOIA plainly applies only to federal agencies, see Rankel v Town of Greenburgh, 117 F.R.D. 50, 54 (S.D.N.Y. 1987), and the defendants are not federal agencies.

C)  26 U.S.C. § 6511

For her fourth cause of action, plaintiff nominally sues under 26 U.S.C § 6511, which sets forth limitations on private causes of action for federal tax refunds against the United States Government, but the complaint can be charitably read to refer to the provision creating such causes of action, 26 U.S.C. § 7422. However, the short answer to this cause of action is that a suit for a federal tax refund must be brought against the United States.

Nevertheless, it may be worthwhile to note the fact that plaintiff apparently had a valid claim for a federal tax refund if such a claim had been pursued in a timely manner. Unfortunately, perhaps through no fault of her own, plaintiff did not pursue a timely claim, and there does not appear to be any way to avoid the conclusion that her claim is long since time-barred.

A suit for a federal tax refund against the United State must be preceded by a "duly filed" complaint with the IRS. See 26 U.S.C. § 7422(a). Untimely complaints to the IRS are not duly filed for purposes of §7422. See id.  26 U.S.C. § 6511(a) provides that a tax refund claim must be filed with "3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later…." Here, plaintiff did not file a

claim with the IRS for a FICA refund for the years 1987-1991 until March 2009. The IRS denied her claim on July 14, 2009, citing §6511(a). There appears to be no remedy available to plaintiff under Section 7422, certainly not against the defendants in this case.

D) 18 U.S.C. § 1001, 18 U.S.C. § 1027, 18 U.S.C. § 1348

In her papers opposing defendants' motion to dismiss, plaintiff raises several additional claims under federal statutes not included in her complaint.

18 U.S.C. § 1001 criminalizes knowing and willful false statements "in relation to a matter within the jurisdiction of a department or agency of the United States." United States v. Wiener, 96 F.3d 35, 27 (2d Cir. 1996). Plaintiff claims that defendants willfully lied to her regarding their knowledge of her appropriate address. But these statements, even if false, were not made in a matter being dealt with by a federal department or agency. Nor do defendants' alleged false statements relate to ERISA disclosures, as required by 18 U.S.C. § 1027. Moreover, plaintiff's allegations do not involve registered securities as required by 18 U.S.C. § 1348. Lastly, as described earlier, a private plaintiff cannot enforce federal criminal laws such as 18 U.S.C § 1001, § 1027, or § 1348.

***

For the above reasons, plaintiff does not state any plausible claim under a federal statute, therefore her alleged federal causes of action must be dismissed under Fed. R. Civ. P. 12(b)(6). In addition, her federal claims are so insubstantial as to not confer subject matter jurisdiction and must be

dismissed under Fed. R. Civ. P. 12(b)(1).

Plaintiff's second cause of action is asserted under state law, alleging a violation of New York's so-called "Tweed law," which empowers the state attorney general to recover state or municipal property obtained or converted "without right" or to seek damages for its conversion. See State v. Grecco, 800 N.Y.S.2d 214, 219-220 (App. Div. 2005). However, plaintiff's federal claims are being dismissed, and there is no basis for supplemental jurisdiction to hear this state-law claim.

1) The Discovery Motions

The court denies plaintiff's Rule 37 motion and City defendants' Rule 26(c) cross-motion as moot.

It should also be noted that plaintiff has applied for pro bono counsel. There was, and is, no occasion for such appointment.

**Conclusion**

Defendants' motion to dismiss is granted both for lack of subject matter jurisdiction and failure to state a claim. The discovery motions under Fed. R. Civ. P. 37 and 26(c) are denied, as is plaintiff's application for pro bono counsel.

SO ORDERED.

Dated: New York, New York
November 9, 2011

_____
Thomas P. Griesa
U.S.D.J.