UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
STEPHANIE ZITO,

                Plaintiff            11 Civ. 2779 (TPG)

      – against –

                                       **OPINION**

NEW YORK CITY OFFICE OF PAYROLL
ADMINISTRATION, NEW YORK CITY
DEPARTMENT OF EDUCATION, UNITED
FEDERATION OF TEACHERS,
COMPTROLLER OF NEW YORK CITY,
WILLIAM C. THOMPSON,

                Defendants.
------------------------------------------x

      In this case, pro se plaintiff Stephanie Zito, a former teacher for the City of New York and other New York State school districts, sues defendants New York City Office of Payroll Administration, New York City Department of Education, former New York City Comptroller William C. Thompson, Jr. (collectively the "City defendants), and United Federation of Teachers ("UFT") for damages related to an alleged failure by defendants to notify plaintiff at her proper address of her right to a refund of her FICA contributions from the years 1987-1991.

      After the case was transferred to this court in April 2011, the City defendants and UFT moved to dismiss the case under Fed R. Civ. P. 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim. Plaintiff also moved to compel discovery under Fed. R. Civ. P. 37, and the City

defendants cross-moved under Fed. R. Civ. P. 26(c) to stay discovery.

The court granted the defendants' motion to dismiss on November 9, 2011 and denied the discovery motions as moot. See Zito v. New York City Office of Payroll Admin., No. 11 Civ. 2779, 2011 U.S. Dist. LEXIS 129748 (S.D.N.Y. Nov. 9, 2011).

Plaintiff now moves for reconsideration of that decision pursuant to Local Rule 6.3.

## Discussion

A motion for reconsideration under Local Rule 6.3 "may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence." Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003). Such motions should be "employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). These motions "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court," Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). Ultimately, the decision whether to grant a motion for reconsideration rests within the court's discretion. See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).

In her motion for reconsideration, plaintiff reiterates many of the arguments that the court already considered and rejected in its opinion dismissing her case. However, a motion for reconsideration is not a vehicle to

relitigate these claims. See Range Road Music, 90 F. Supp. 2d at 391-92.

Plaintiff also seeks to assert a new state-law claim under New York's Freedom of Information Law, N.Y. Pub. Off. Law § 87, *et seq.* In addition, Mr. David Irving has written an amicus brief on plaintiff's behalf, which argues that plaintiff's original complaint presented claims of fraud and negligence under the common law of New York State. Normally it would be inappropriate on a motion for reconsideration to take into account new claims either not raised or inadequately raised on the underlying motion. However, since plaintiff brings this action *pro se,* it is appropriate to address these additional allegations.

First, a few observations are in order. Plaintiff presents a sympathetic case. She was at one time entitled to a FICA refund that would have helped her in a time of financial difficulty. Perhaps through no fault of her own, she did not receive this refund. Were plaintiff legally entitled to the refund in the instant action, the court would not hesitate to award her the money.

However, federal courts are courts of limited jurisdiction, and they cannot exercise their power in a case over which they have no subject matter jurisdiction. See Curley v. Brignoli, Curley & Roberts Assoc., 915 F.2d 81, 83 (2d Cir. N.Y. 1990) ("subject matter jurisdiction is an unwaivable sine qua non for the exercise of federal judicial power."). The court remains convinced that plaintiff has presented no federal claims of sufficient substance to confer federal-question jurisdiction on this court. See Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 701 (2d Cir. 2000).

Thus plaintiff's additional state-law claims can only be heard by this

court if it has diversity-of-citizenship jurisdiction pursuant to 28 U.S.C. § 1332. In the present case, all of the parties are citizens of New York. Thus the court lacks subject matter jurisdiction to hear plaintiff's state common law claims and her statutory claim under N.Y. Pub. Off. Law § 87.

## Conclusion

For the foregoing reasons, plaintiff's motion for reconsideration is denied.

SO ORDERED.

Dated: New York, New York
       February 27, 2012

_____
Thomas P. Griesa
U.S.D.J.